UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

STACY WADDELL, #31204-048,

        Petitioner,

v.                                                                  ACTION NO. 2:22cv483

D. LEU, Warden,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on the *pro se* petition filed pursuant to 28 U.S.C. § 2241 by petitioner Stacey Waddell ("Waddell"), and respondent's motion for summary judgment. ECF Nos. 1, 10. Waddell asserts that his due process rights were violated when he was not given adequate notice of the charges against him prior to a disciplinary hearing that resulted in the loss of good conduct time. ECF No. 1, at 2, 6. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Local Rules of the United States District Court for the Eastern District of Virginia.

The undersigned finds Waddell received due process during his disciplinary proceedings, and **RECOMMENDS** that respondent's motion for summary judgment, ECF No. 10, be **GRANTED**, and the petition for a writ of habeas corpus, ECF No. 1, be **DISMISSED WITH PREJUDICE**.

### I.    STATEMENT OF THE CASE

Waddell is a federal prisoner convicted and sentenced in the Southern District of Georgia, and currently housed in the Federal Correctional Institution in Petersburg, Virginia. ECF No. 1,

at 1. Waddell asserts his due process rights were violated during his disciplinary hearing held May 31, 2022, which resulted in the loss of good conduct time ("GCT"). *Id.* at 1–2, 6. Waddell argues he "could not prepare a defense when [the] incident report was vague, did not state what [his] 'disruptive conduct' was and only stated that an investigation concluded that [he] was 'involved.'" *Id.* at 6.

On May 2, 2022, while incarcerated at the Federal Correctional Institution in Jesup, Georgia, Waddell received an incident report charging him with violating Bureau of Prisons ("BOP") disciplinary code 199 "DISRUPTIVE CONDUCT-GREATEST[1] . . . MOST LIKE 111 INTRODUCTION DRUGS.[2]" ECF No. 11-1. The incident report states,

> On May 2, 2022, at 1300 hrs., the SIS Department completed an investigation, wherein, sufficient evidence was found to conclude Inmate Waddell . . . , was responsible for being involved in the introduction of contraband items from the FPC Unicor Warehouse into the FCI facility. Specifically, on March 21, 2022, and March 22, 2022, Unicor Staff discovered the following items of contraband being sent from the Outside Unicor Warehouse to the inside FCI Unicor Department: 23 cell phones, 305 strips of Suboxone, 149 packs of Newport cigarettes, 15.7 oz of loose tobacco, 4 oz of Crystal Meth, and 14.7 oz of Marijuana. The items were discovered from searches conducted of the Unicor Unipaks inside the FCI Unicor and the Outside Unicor Warehouse. A[n] SIS investigation was completed concluding inmate Waddell was directly involved in the introductions. The SIS investigation further concluded the location of future contraband items hidden around the Camp Woodline for later introductions. The items recovered were 22 [c]ell phones, 13 bags loose tobacco, 16 packs of Newport cigarettes, 6 headphones, 19 charging cables, 9 charging blocks, and 1 vacuum storage bag

---

[1] BOP Prohibited Act Code 199 prohibits "[c]onduct which disrupts or interferes with the security or orderly running of the institution or the Bureau of Prisons most like another Greatest severity prohibited act. This charge is to be used only when another charge of Greatest severity is not accurate. The offending conduct must be charged as 'most like' one of the listed Greatest severity prohibited acts." 28 C.F.R. § 541.3, at Table 1.

[2] BOP Prohibited Act Code 111 prohibits the "[i]ntroduction or making of any narcotics, marijuana, drugs, alcohol, intoxicants, or related paraphernalia, not prescribed for the individual by the medical staff." 28 C.F.R. § 541.3, at Table 1.

>   sealing machine with bags.   The drugs found entering the institution were found in vacuumed sealed bags.

*Id.* at 21.

On May 8, 2022, Waddell appeared before the Unit Discipline Committee ("UDC"), and declined to make a statement regarding the incident. *Id.* at 22–23. The same day, Waddell received a notice of disciplinary hearing before the disciplinary hearing officer ("DHO"). *Id.* at 25. Waddell was provided with a notice of his rights at the disciplinary hearing. *Id.* at 27. Waddell indicated his desire to have a particular staff member represent him during the hearing and, on May 9, 2022, Waddell's staff representative received a notice of his duties as a staff representative at the upcoming hearing. *Id.* at 25, 29. Waddell further indicated that he wished to call witnesses at the hearing but did not provide the names or proposed testimony of any witnesses in the space provided on the form. *Id.* at 25.

On May 31, 2022, Waddell appeared before the DHO with his staff representative who stated, "I can attest inmate Waddell has cooperated with SIS on past investigations." *Id.* at 31–33. Waddell denied the charges and stated, "I'm trying to go home to take care of my daughter." *Id.* Waddell waived his right to call witnesses at the hearing. *Id.*

On August 2, 2022, the DHO issued a report finding Waddell committed the act as charged (a violation of BOP code 199 (disruptive conduct-greatest) most like code 111 (introduction of drugs)). *Id.* at 32. The DHO relied on the written incident report, the SIS reports, photographs of the contraband, and Waddell's statement. *Id.* at 32–33. Waddell's punishment for this violation was a loss of 41 days of GCT, 30 days of disciplinary segregation, and loss of telephone privileges and visitation privileges for one year. *Id.* at 33.

3

On June 13, 2022, Waddell filed an administrative appeal with the BOP's Regional Office, and the appeal was denied on September 14, 2022. *Id.* at 3, 45. On September 28, 2022, Waddell appealed the denial to the BOP's Central Office, and the appeal was denied on December 1, 2022. *Id.* at 3, 46.

## II. ANALYSIS

After exhausting his administrative remedies, *see McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004), on November 17, 2022, Waddell filed a section 2241 petition for a writ of habeas corpus challenging the failure of the BOP to give him adequate notice of the charged conduct so that he could prepare a defense. ECF No. 1. Waddell seeks reinstatement of GCT, expungement of the incident report, restoration of his placement in home confinement, and restoration of phone and visitation privileges. *Id.* at 7.

On March 14, 2023, respondent filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 with a supporting memorandum and a declaration from Kelly Forbes, a BOP paralegal specialist, with exhibits. ECF Nos. 11, 11-1. Respondent asserts Waddell was provided all of the procedural due process rights to which he is entitled. ECF No. 11, at 7–8.

Prisoners retain rights under, and may claim the protections of, the Due Process Clause in disciplinary proceedings. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Prisoners have a liberty interest in GCT, and when that time is taken away, a prisoner is entitled to those procedures which are appropriate under the circumstances and required by the Due Process Clause to ensure that the time was not taken away arbitrarily. *Id.* at 557–58. Specifically, the due process rights that prisoners possess when a protected liberty interest is at stake are: (1) written notice of the charges against them at least 24 hours before their hearing; (2) the opportunity to call witnesses

4

and present documentary evidence in their defense when doing so would not be unduly hazardous to institutional safety or correctional goals; and (3) a written statement of the evidence relied on and the reasons for the disciplinary action taken.  *Id.* at 563–66.

Waddell attacks the first right guaranteeing advance notice of the charges against him, arguing that the incident report was vague and did not allow him to prepare a defense.  ECF No. 1, at 6; ECF No. 16, at 1.  *Wolff* requires that a prisoner be given written notice of the charges 24 hours before the hearing "in order to inform him of the charges and to enable him to marshal the facts and prepare a defense."  *Wolff*, 418 U.S. at 564.  Waddell does not dispute that he received the incident report timely, only that the report was not sufficient to provide him adequate notice of the charges against him.

Waddell's incident report satisfied the notice requirement of *Wolff*.  The report gave Waddell notice that he was charged with violating BOP code 199 (most like BOP code 111) due to his alleged involvement in introducing contraband items (cell phones, cigarettes, tobacco, and drugs) into the correctional institution by way of the Unicor warehouse on March 21 and 22, 2022. ECF No. 11-1, at 21.  This information put Waddell on notice of the charges on May 2, 2022, and permitted him to prepare a defense.  *Id.*

In response to the respondent's motion for summary judgment, Waddell provided an affidavit indicating:  (1) he was advised by the staff representative moments before the May 31, 2022 hearing of alleged witness statements; (2) he spoke for approximately 15 minutes at his disciplinary hearing; and (3) he pointed out during the hearing that the "Camp Woodline" search was conducted after he was placed in a special housing unit and similar contraband was intercepted in transit from the camp to the facility two weeks after he was placed in the special housing unit.

ECF No. 16, at 6.  Importantly, Waddell does not include in his affidavit any evidence or witnesses beneficial to his defense that he was unable to present during the hearing as a result of the allegedly inadequate notice of his charges.  *See Edwards v. Eads*, No. 7:14cv495, 2015 WL 6511289, at *4 (W.D. Va. Oct. 28, 2015) (holding the prisoner failed to state "a viable due process claim for habeas relief, based on any inadequacy of the notice provided to him" where he failed to "present the content of any witness testimony or other evidence beneficial to his defense that he was unable to introduce at the hearing because of the alleged defects" in his notice of disciplinary offense).  Waddell has failed to show the incident report provided him inadequate notice to marshal the facts and prepare a defense to the charged conduct.  Consequently, Waddell has failed to show respondent violated his due process rights entitling him to habeas relief.

### III.   RECOMMENDATION

For the foregoing reasons, the undersigned recommends that respondent's motion to dismiss, ECF No. 10, be **GRANTED**, and Waddell's petition for a writ of habeas corpus, ECF No. 1, be **DISMISSED WITH PREJUDICE.**

### IV.   REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.   Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.  Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail.

A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

_____
/s/
Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
September 28, 2023

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

Stacy Waddell, #31204-048
Federal Correctional Complex Low
P.O. Box 1000
Petersburg, VA 23804

Fernando Galindo, Clerk

By \_\_\_/s/ J.L. Meyers\_\_\_
Deputy Clerk

September __28__, 2023